IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: | ) ) ) ) Case No. 2:22-mj-63 |
| The residence located at 137 South Wheatland Avenue, Columbus, Ohio 43204, including the residential dwelling, curtilage, detached structures and any/all vehicles located therein. | ) ) ) ) ) ) |

### AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, Homeland Security Investigations (HSI) Special Agent (SA) Clark S. Powers (your affiant), being first duly sworn, hereby depose and state as follows:

#### Introduction and Agent Background

1. Your affiant submits this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the residence located at 137 South Wheatland Avenue, Columbus, Ohio 43204, hereafter referred to as the **SUBJECT PREMISES**, as described in Attachment A, believing evidence, fruits, and instrumentalities of violations of Title 21, United States Code (U.S.C.), Section (§) 841(a)(1) and 846, knowingly or intentionally attempt to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense Cocaine, a Schedule II controlled substance are all located in **SUBJECT PREMISES**. Your affiant requests authority to search the entire **SUBJECT PREMISES**, including the residential dwelling, curtilage, detached structures and any/all vehicles located therein for document evidence, fruits, and instrumentalities of the above violations, and seize those items for further examination to be conducted on and offsite as described in Attachment B. The facts set forth in this affidavit are based on my knowledge, experience, and investigation, as well as the knowledge, experience, and investigative findings of others. Since this affidavit is

being submitted for the limited purpose of securing a search warrant, your affiant has not included each and every fact known to me concerning this investigation. Your affiant did not withhold any information or evidence that would negate probable cause. Your affiant has set forth only the facts believed to be necessary to establish probable cause that the **SUBJECT PREMISES,** including the residential dwelling, curtilage, detached structures and any/all vehicles located therein contain evidence of violations of Title 21, U.S.C., §§ 841(a)(1) and 846. The **SUBJECT PREMISES** is located within the Southern District of Ohio.

2. Your affiant has been employed by HSI since December 2016, having been assigned to our Sells, Arizona office. During that time, your affiant was assigned to the Sells Border Enforcement and Security Task Force (BEST), which focused on human, narcotics, bulk cash, and weapon smuggling occurring between Ports of Entry (POE) and the Phoenix, Arizona metropolitan area. Beginning in October 2020, your affiant was assigned to the HSI Columbus, Ohio office, as a participating member of the Central Ohio High Intensity Drug Trafficking Area (HIDTA) multi-agency task force. Your affiant gained experience through a Bachelor of Arts Degree in Criminal Justice in 2007, completion of the Federal Criminal Investigator Training Program (CITP) and completion of the HSI Special Agent Training Academy in 2017. During CITP and the HSI Academy training, your affiant was instructed in all phases of criminal investigation such as: Criminal Law, Search and Seizure, Field Enforcement Techniques, Firearms Proficiency, and Interviewing and Evidence. Your affiant is responsible for enforcing federal criminal statutes including, but not limited to, controlled substance violations, pursuant to 21 U.S.C. §§ 841 and 846.

3. While employed as a Special Agent, your affiant has conducted and participated in numerous investigations of criminal activity, including, but not limited to, controlled substance violations. During the investigation of these cases, your affiant has executed, or participated in the execution of, numerous search warrants and seized evidence of these violations.

4. Your Affiant requests that this search warrant be issued in anticipation that evidence of violations of Title 21, United States Code (U.S.C.) Section (§) 841(a)(1) and 846 will be found

within the **SUBJECT PREMISES**. HSI Agents will remove the suspected Cocaine from five (5) separate United States Postal Service (USPS) parcels, hereafter referred to as the **TARGET PARCELS**, which are intended for delivery to the **TARGET PRMEISES**. HSI Agents will replace the suspected cocaine with a sham substance made to resemble Cocaine. HSI Agents will then deliver the **TARGET PARCELS** to the **SUBJECT PREMISES** and maintain constant surveillance of the **SUBJECT PREMISES** to determine when the **TARGET PARCELS** are taken into the **SUBJECT PREMISES**. If the Cocaine is not successfully delivered to this location, no search will be conducted, and the search warrant will be returned to the court unexecuted.

## Applicable Statute

5. Title 21, U.S.C., § 841(a)(1), it shall be unlawful for any person to attempt to possess with the intent to manufacture, distribute, or dispense, a controlled substance.

6. Title 18, U.S.C., § 2, it shall be unlawful for any person knowingly or intentionally to attempt to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

## Background

7. Based upon my training and experience, your affiant knows that drug traffickers often use any means available to them to transport narcotics. One common method of smuggling drugs is to ship narcotics via the United States Postal Service (USPS). In addition, your affiant knows that drug traffickers commonly maintain books, records, receipts, notes, ledgers, electronic data, and other items relating to the importation, transportation, ordering, purchase, and distribution of illegal drugs at their residence or at the location at which their trafficking activities are being conducted.

8. In connection with the transportation of drugs, your affiant knows that drug traffickers frequently maintain evidence of travel and other records required to arrange for the purchase and importation and distribution of such drugs, and keep tickets, notes, receipts, passports and other

documents at their residence or the location where they conduct trafficking activities, including on their mobile devices, computers, and related electronic storage media. Your affiant knows that drug traffickers maintain records and other documents related to the possession, shipment, tracking and delivery of illegal controlled substances at the location where their drug trafficking activities occur. Your affiant knows that indicia of occupancy, residency, and ownership of premises, including but not limited to utility and telephone bills, canceled envelopes, rental, purchase or lease agreements, identification documents and keys are often maintained at such drug trafficking locations.

9. Further, your affiant knows that drug traffickers frequently know others involved in the trafficking of illegal substances, and address and/or telephone books, rolodex indicia, electronic organizers, telephone paging devices and the memory thereof, and papers, records or electronic data reflecting names, addresses, telephone numbers, pager numbers of co-conspirators, sources of drug supply and drug customers, and other items are frequently maintained by such traffickers which provide evidence of the identities of others involved in such trafficking.

10. Your affiant also knows that drug traffickers frequently use aliases to conceal their identities, and often possess firearms and other weapons at the premises where they conduct drug trafficking. Persons who traffic in drugs often maintain at their residences and other locations where they conduct drug trafficking activities unsold or undistributed supplies of controlled substances and other drugs, drug paraphernalia including chemical diluents, weighing scales, mixing bowls, glassine bags, spoons, which are utilized in the weighing and packaging of controlled substances.

## Probable Cause

11. On January 29, 2022, U.S. Customs and Border Protection (CBP), while utilizing Border Search Authority, examined five (5) outbound parcels marked with USPS Tracking numbers as they were sorted through the Cyril E. King mail branch, located at Airport Road, Charlotte Amaile West, Saint Thomas 00802, U.S. Virgin Islands. The parcels under inspection were awaiting final loading for delivery by air to the mainland U.S. The parcels are identified as

follows:

- **Target Parcel 1**: USPS Priority Mail Tracking Number 9505 5111 4093 2029 2281 90
- **Target Parcel 2**: USPS Priority Mail Tracking Number 9505 5111 4093 2029 2282 06
- **Target Parcel 3**: USPS Priority Mail Tracking Number 9505 5111 4093 2029 2281 76
- **Target Parcel 4**: USPS Priority Mail Tracking Number 9505 5111 4093 2029 2283 13
- **Target Parcel 5**: USPS Priority Mail Tracking Number 9505 5111 4093 2029 2281 83

The **TARGET PARCELS** originated from a sender listed as Sam SMITH with an address of 200 North 21st Street, Columbus, Ohio 43203 and was scheduled to be delivered to Tony Johns at 137 South Wheatland Avenue, Columbus, Ohio 43204 (**SUBJECT PREMISES**).

12. **Target Parcel 1:** On January 29, 2022, during CBP outbound USPS inspection, a Priority mail package with tracking number 9505 5111 4093 2029 2281 90 (**Target Parcel 1**) was selected for inspection due to anomalies in the x-ray. The package was sent "FROM: Sam Smith 200 N. 21St, Columbus, Ohio 43203 TO: Tony Johns 137 S. Wheatland, Columbus, Ohio 43204." Upon opening the package, CBP Officers observed dippers and a tan post office envelope within the package. Inside the envelope were two (2) brick shaped objects. The brick shaped objects were wrapped in a vacuum sealed bag and carbon paper. A white powdery substance was secreted on the inside of the package. The substance was field tested utilizing the Gemini Narcotics Detection Device and yielded positive results for cocaine hydrochloride, a Schedule II controlled substance. The cocaine and packaging, without the USPS box, weighed approximately 2.33 kilograms.

13. **Target Parcel 2:** On January 29, 2022, at approximately 4:30 p.m. Atlantic Standard Time (AST), CBP Officers assigned to outbound mail inspection selected a package for inspection due to a visual anomaly in the x-ray. CBP Narcotics Detection K-9 "Taky" HD 200101, alerted to an odor he is trained to detect emanating from the package. The package originated from St. Thomas, U.S. Virgin Islands (USVI) but was labeled "FROM: Sam Smith, 200 N. 21st, Columbus, Ohio 43203 TO: Tony Johns, 137 S. Wheatland, Columbus, Ohio 43204" and showed USPS Priority Mail Tracking Number 9505 5111 4093 2029 2282 06 (**Target Parcel 2**). Upon opening the package, baby diapers and a tan envelope were observed. Upon further

inspection of the envelope, two (2) brick shaped objects wrapped in carbon paper and vacuum-sealed bags were found to contain a white powdery substance. The white powdery substance was field tested with the Gemini Narcotics Detection Device and yielded positive results for cocaine hydrochloride, a Schedule II controlled substance. The cocaine and packaging, without the USPS box, weighed approximately 2.30 kilograms.

14. **Target Parcel 3:** On January 29, 2022, at approximately 4:30 p.m. AST, CBP Officers assigned to the outbound mail inspection selected a package for inspection due to a visual anomaly in the x-ray of the package. Narcotics Detection K-9 "Taky" HD 200101 alerted to an odor he is trained to detect emanating from the package. The package originated from St. Thomas, USVI but was labeled "FROM: Sam Smith, 200 N. 21st, Columbus, Ohio 43203 TO: Tony Johns, 137 S. Wheatland, Columbus, Ohio 43204" and listed USPS Priority Mail Tracking # 9505 5111 4093 2029 2281 76 (**Target Parcel 3**). Upon opening the package, baby diapers and a tan envelope were observed. Upon further inspection of the envelope, one (1) brick shaped object wrapped in carbon paper and vacuum-sealed bags was found to contain a white-powdery substance. The substance was field tested with the Gemini Narcotics Detection Device and yielded positive results for cocaine hydrochloride, a Schedule II controlled substance. The cocaine and packaging, without the USPS box, weighed approximately 1.06 kilograms.

15. **Target Parcel 4:** On January 29, 2022, during CBP outbound USPS inspections, a Priority mail package with USPS Tracking Number 9505 5111 4093 2029 2283 13 (**Target Parcel 4**) was selected for inspection due to anomalies in the x-ray of the package. The package was sent "FROM: Sam Smith 200 N. 21St, Columbus, Ohio 43203 TO: Tony Johns 137 S. Wheatland, Columbus, Ohio 43204." Upon opening the package, dippers and a tan post office envelope were observed. CBP Officers located two (2) brick shaped objects within the envelope. The brick shaped objects were wrapped in a vacuum sealed bag and carbon paper. A white powdery substance secreted inside the brick shaped object was field testing utilizing the Gemini Narcotics Detection Device and yielded positive results for cocaine hydrochloride, a Schedule II controlled substance. The cocaine and packaging, without the USPS box, weighed approximately 2.29 kilograms.

16. **Target Parcel 5:** On January 29, 2022, CBP Officers conducting outbound inspections of USPS packages selected a USPS Priority mail package, listed under USPS tracking number 9505 5111 4093 2029 2281 83 (**Target Parcel 5**), for inspection due to anomalies observed on the x-ray of the package. The package was labeled as being sent "FROM: Sam Smith 200 N. 21St Columbus, Ohio 43203 TO: Tony Johns 137 S. Wheatland, Columbus, Ohio 43204." Upon opening the package, diapers and a tan post office envelope were observed. Inside the envelope were two (2) brick shaped objects. The brick shaped objects were wrapped in a vacuum sealed bag and carbon paper. A white powdery substance was found within the brick shaped objects. The white powdery substance was field testing utilizing the Gemini Narcotics Detection Device and yielded positive results for cocaine hydrochloride, a Schedule II controlled substance.

17. On January 29, 2022, HSI St. Thomas USVI Special Agent (SA) Chris Ramnes contacted your affiant regarding the seized **TARGET PARCELS** and their intended delivery location in Columbus, Ohio. The **TARGET PARCELS** have an expected delivery date of February 2, 2022. Your affiant conducted a check of the **SUBJECT RESIDENCE**. The residence is a two-story single-family residence with tan / light brown siding with a gravel driveway at the rear. The numbers 137 are posted on the front of the residence on the right-side porch post. A wooden privacy fence surrounded the back yard of the property but is open for vehicle parking on the rear driveway.

18. Your affiant ran the address 137 South Wheatland Avenue, Columbus, Ohio 43204 through public law enforcement databases and was unable to confirm that anyone named Tony JOHNS had ever resided at the **SUBJECT PREMISES**. Your affiant also utilized public law enforcement databases to run 200 North 21st Street, Columbus, Ohio 43203. Your affiant was unable to confirm that a Sam SMITH or Tony JOHNS had ever resided at the return address provided for the **TARGET PARCELS**. On January 31, 2022, HSI USVI SAs and U.S. Postal Inspector Eric Oram notified your affiant that a Columbus based phone number, 614-432-2417, was tracking the location of the **TARGET PARCELS** and was set up to receive text message alerts to shipment status updates. Postal Inspector Oram also identified seven (7) parcels shipped

from North Hollywood, California to the **SUBJECT PREMISES** on December 21, 2021. The same Columbus based phone number tracked the status of those parcels.

19. On February 2, 2022, HSI SAs and other investigators intend to conduct a controlled delivery of the **TARGET PARCELS**, filled with sham packages intended to resemble cocaine, described above to the **SUBJECT PREMISES**. A U.S. Postal Inspector posing as a Postal Letter Carrier will deliver the parcels to the **SUBJECT PREMISES**. At this time, law enforcement does not know who or how many people reside inside the **SUBJECT PREMISES**. Based upon your affiant's training and experience, and because it is difficult to determine precisely when the recipient or intended recipient will open the subject parcels to retrieve the substance inside, this application seeks permission for law enforcement to install Global Positioning Service (GPS) tracking devices within the parcels. Law enforcement will then deliver the parcels with the sham cocaine inside along with the tracking devices, and will use the devices to monitor the whereabouts of the parcels in question at all times, including those times when the package has entered the **SUBJECT PREMISES** or other private property.

20. The GPS tracking devices will transmit only and will not monitor voice conversations. Because law enforcement expects that the parcels will be taken into a private residence when the parcels are accepted, authority is sought to monitor the signals of the devices in private areas, such as buildings, residences and other like closed structures, which are not public (including, but not limited to, the **SUBJECT PREMISES**).

21. It has been the experience of law enforcement that the intended recipients of parcels containing illegal narcotics often have the drug parcels mailed to addresses they are not associated with, in order to distance themselves from being arrested during a controlled delivery. In those situations, after the delivery is made, the signor generally drives the drug parcel to another location, or the intended recipient picks up the parcel and drives it to another location.

22. At this time, investigators believe the packages will enter the **SUBJECT PREMISES** upon delivery but understand that the **TARGET PARCELS** could be retrieved by individuals

unknown to investigators and transported to an unknown location. Thus, this application seeks permission for law enforcement to install a GPS tracking device within the parcels. Law enforcement investigators will then deliver the parcels with the sham substance contained inside along with the GPS tracking devices and will use the GPS tracking devices to always monitor the whereabouts of the parcels in question, including those times when the packages have entered the **SUBJECT RESIDENCE** or other private property. The GPS tracking devices will allow law enforcement to follow the parcels if the packages are taken to another location.

23. Members of law enforcement do not know when the parcels will be opened by the intended recipient or recipients. This Application seeks authority to enter **SUBJECT PREMISES** to conduct an anticipatory search for fruits, evidence, and/or instrumentalities of the specified federal offenses. More particularly, there is probable cause to believe that at the "**SUBJECT PREMISES**", at the time of the execution of the Anticipatory Search Warrant (upon satisfaction of the stated condition precedent, i.e., that the parcels are accepted and taken inside of the premises) there will be the items, materials, and objects described in Attachment B to the Anticipatory Search Warrant for the **SUBJECT PREMISES**, which is incorporated herein as set forth in full. Accordingly, authority is sought to enter and search the **SUBJECT PREMISES** once the parcel is accepted into the **SUBJECT PREMISES**.

### Conclusion

Accordingly, I respectfully request that the Court issue:

I. An Anticipatory Search Warrant for **SUBJECT PREMISES**, which law enforcement may execute once the aforementioned parcels are received at that location and upon satisfaction of the stated condition precedent, i.e., that the package is accepted and taken inside of the premises;

II. Authority to execute the Search Warrant between the hours of 6:00 am and 10:00 pm, as law enforcement deems necessary; but in no event more than 24 hours after the parcel was delivered;

III. An order permitting law enforcement to monitor, in private areas, the signals emitted by a beeper device, which will be installed in the subject parcel to alert law enforcement when the parcel is opened; and an order permitting law enforcement to monitor the signals emitted by a GPS, in private areas, which will be installed in the **TARGET PARCELS** to alert law enforcement to the location of the parcels.

_____
Clark S. Powers
Special Agent
U.S. Homeland Security Investigations

Sworn to and subscribed to before me this 1st day of February, 2022.

_____
Elizabeth A. Preston Deavers
United States Magistrate Judge
Southern District of Ohio

## ATTACHMENT A

### DESCRIPTION OF LOCATION TO BE SEARCHED

The residence 137 South Wheatland Avenue, Columbus, Ohio 43204 is a two-story single-family residence with tan/light brown siding and a gravel, uncovered driveway in the rear. The numbers 137 are posted on the front of the residence on the right-side porch post. The rear parking area has a closing gate.

## ATTACHMENT B
## PARTICULAR THINGS TO BE SEIZED

All fruits, evidence, and instrumentalities, as listed below of criminal offenses against the United States, that is Title 21 U.S.C. § 841(a)(1) and Title 18 U.S.C. § 2, knowingly or intentionally attempt to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense Cocaine, a Schedule I controlled substance. Those items include:

(a) Materials that drugs were shipped in and/or used to package for sale, drug paraphernalia used

to administer or ingest controlled substances, and equipment related to the sale, manufacture, processing and storage of controlled substances, including but not limited to all cooking equipment, chemicals, packaging materials, scales, presses, adulterants, diluents, strainers, measuring spoons, scales, grinders, etc.;

(b) Log books, records, payment receipts, notes, and/or customer lists, ledgers and other papers relating to the transportation, ordering, purchasing, processing, storage and distribution of controlled substances, including all records of income and expenses;

(c) Papers, tickets, notices, credit card receipts, travel schedules, travel receipts, passports, and other items relating to travel to obtain and distribute narcotics and narcotics proceeds. Evidence of such travel is often times maintained by narcotics traffickers in the form of airline receipts, bus tickets, automobile rental receipts, credit card receipts, travel schedules, diaries, hotel receipts, logs, travel agency vouchers, notes, cellular telephone tolls and records of long-distance telephone calls;

(d) Books, records, invoices, receipts, records of real estate transactions, auto titles, financial statements, bank statements, cancelled checks, deposit tickets, passbooks, money drafts, withdrawal slips, certificates of deposit, letters of credit, loan and mortgage records, money orders, bank drafts, cashier's checks, bank checks, safe deposit box keys, money wrappers, wire transfer applications and/or receipts, fictitious identification, and other items evidencing the obtaining, secreting, transfer, concealment, and/or expenditure of money. These records should include both records of drug trafficking and legitimate business operations;

(e) Electronic equipment, such as telephone answering machines, telephone caller identification boxes, video and audiocassette tapes, pagers (digital display beepers), and any stored electronic communications contained therein;

(f) Cellular telephone(s) and/or portable cellular telephone(s) and any stored electronic communications contained therein;

(g) United States currency, precious metals, jewelry, gold coins, and financial instruments, including, but not limited to, stocks and bonds;

(h) Photographs of co-conspirators, assets and/or narcotics, including still photos, negatives, videotapes, films, slides, undeveloped film and the contents therein;

(i) Address and/or telephone books, rolodex indices, and any papers reflecting names, addresses, telephone numbers, pager numbers, and fax numbers of co-conspirators, sources of supply, storage facilities, customers, financial institutions, and other individuals or businesses with whom a financial relationship exists;

(j) Indicia of occupancy, residency, rental and/or ownership of the premises described above or vehicles located thereon, including, but not limited to, utility and telephone bills, cancelled envelopes, keys, deeds, purchase lease agreements, land contracts, titles and vehicle registrations;

(k) The opening, search and removal, if necessary, of any safe or locked receptacle or compartment, as some or all of the property heretofore may be maintained;

(l) Any and all computers and information and/or data stored in the form of magnetic or electronic coding on computer media, on media capable of being read by a computer, or other recorded media. This includes, but it is not limited to, computer software, software manuals, tapes, CD's, diskettes, stored electronic communications, taped messages, electronic date/memo minders, address books, word processors, passwords, backup storage devices, audio tape and the contents therein, containing the related information generated by the aforementioned electronic equipment;

(m) Firearms and ammunition, including but not limited to, handguns, pistols, revolvers, rifles, shotguns, machine guns and other weapons and any record or receipt pertaining to firearms and

ammunition;

(n) The parcel package marked with United States Postal Service Tracking number 9505 5111 4093 2029 2281 90 **(Target Parcel 1)** and its contents, GPS tracking device and beeper device, which was accepted during the controlled delivery and taken into the **SUBJECT PREMISES**; the parcel package marked with United States Postal Service Tracking number 9505 5111 4093 2029 2282 06 **(Target Parcel 2)** and its contents, GPS tracking device and beeper device, which was accepted during the controlled delivery and taken into the **SUBJECT PREMISES**; the parcel marked with United States Postal Service Tracking number 9505 5111 4093 2029 2281 76 **(Target Parcel 3)** and its contents, GPS tracking device and beeper device, which was accepted during the controlled delivery and taken into the **SUBJECT PREMISES**; the parcel package marked with United States Postal Service Tracking number 9505 5111 4093 2029 2283 13 **(Target Parcel 4)** and its contents, GPS tracking device and beeper device, which was accepted during the controlled delivery and taken into the **SUBJECT PREMISES**; and the parcel marked 9505 5111 4093 2029 2281 83 **(Target Parcel 5)** and its contents, GPS tracking device and beeper device, which was accepted during the controlled delivery and taken into the **SUBJECT PREMISES.**

(o) Any other items which constitute evidence of the crimes of Title 21 U.S.C. §§ 841(a)(1) and 846 (conspiracy to possess with the intent to distribute Cocaine, a Schedule II controlled substance.